UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MORTON PLANT HOSPITAL
ASSOCIATION, INC.,

       Plaintiff,

v.                         Case No. 8:09-cv-1999-T-33AEP

KATHLEEN SEBELIUS, Secretary of
the United States Department of
Health and Human Services,

       Defendant.

_____/

**<u>ORDER</u>**

This cause comes before the Court pursuant to Morton
Plant Hospital's Motion for Summary Judgment (Doc. # 17),
which was filed on March 19, 2010.  On April 29, 2010, the
Secretary of HHS, Kathleen Sebelius, filed her Cross Motion
for Summary Judgment and Memorandum in Opposition to Morton
Plant's Motion for Summary Judgment. (Doc. # 18, 19).  Morton
Plant filed a Response in Opposition to the Secretary's Cross
Motion for Summary Judgment on May 27, 2010 (Doc. # 20), and
the Secretary filed a Reply Memorandum on June 22, 2010. (Doc.
# 21).  Thereafter, the Secretary filed notices of
supplemental authority on August 6, 2010, and on August 17,
2010. (Doc. # 22, 23).

For the reasons that follow, the Court grants the Secretary's motion for summary judgment and denies Morton Plant's motion for summary judgment.

## I.   <u>Introduction</u>

In this case, the Court has been called upon to address a finite Medicare issue: the reviewability for "good cause" of a Recovery Audit Contractor's reopening of a claim after the passage of one year from the initial or revised determination.

As will be discussed in detail below, the Court affirms the Secretary's interpretation of the relevant Medicare regulations, including 42 C.F.R. § 405.980(a)(5), concerning reopenings of initial or revised determinations. Before discussing the factual circumstances of this case, the Court will provide limited background information concerning the Medicare claims processing framework.

## II.   <u>Medicare's Statutory and Regulatory Framework</u>

The Medicare program was established in 1965 under Title XVIII of the Social Security Act, 79 Stat. 291, as amended 42 U.S.C. § 1395, <u>et</u> <u>seq.</u> <u>Thomas Jefferson Univ. v. Shalala</u>, 512 U.S. 504, 506 (1994). "Medicare is a federally funded health insurance program for the elderly and disabled." <u>Id.</u> Overseen by the Secretary of the United States Department of Health and Human Services, Medicare furnishes payment on behalf of

qualified persons for a variety of medical services. 42 U.S.C. § 1395c.

The Medicare program is administered by the Center for Medicare and Medicaid Services, a division of the Department of Health and Human Services.  Under Part A of Medicare, a covered individual can receive payment for inpatient hospital services and, under Part B, for physician services and outpatient services. 42 U.S.C. § 1395c-w.  The Secretary promulgates regulations and makes initial determinations concerning benefits under Medicare parts A and B, including but not limited to whether an individual is entitled to benefits, the amount of benefits available to the individual, and whether payment may be made for an item or service. 42 U.S.C. §§ 1395ff(a)(1), 1395hh(a).

A.  **Medicare Determinations**

In order to make coverage and payment determinations, the Secretary, through the Center, contracts with Fiscal Intermediaries to perform the audit and payment functions of Medicare. 42 U.S.C. § 1395kk-1.  When a health care provider, such as Morton Plant, seeks payment for medical services from Medicare, that provider requests payment from the Center through an Intermediary.  The Intermediary then issues an "initial determination" to decide whether the claims are for

-3-

covered services, and if so, the appropriate amount of reimbursement. 42 U.S.C. § 1395ff(a); 42 C.F.R. §§ 405.920, 405.924.

If a provider is not satisfied with the Intermediary's initial determination, that provider may request a "redetermination" from the Intermediary. 42 U.S.C. § 1395ff(a)(3); 42 C.F.R. § 405.940. If a provider is not satisfied with an Intermediary's redetermination, that provider may appeal to a Qualified Independent Contractor for a "reconsideration." 42 U.S.C. § 1395ff(c); 42 C.F.R. § 405.960. A provider dissatisfied with a reconsideration may appeal to an Administrative Law Judge, and thereafter, to the Medicare Appeals Council. 42 C.F.R. § 405.100 et seq.; 42 C.F.R. § 405.1100 et seq. "[The Council's] decisions constitute the final decision of the Secretary and can be appealed to Federal Court." 70 Fed. Reg. 11421 (Mar. 8, 2005).

### B.  Reopening of a Claim

An initial determination may be reviewed and revised under the process described above or through a process known as "reopening." Congress authorized the Secretary to reopen or revise any initial determination or reconsidered determination under the guidelines set forth in the regulations. 42 U.S.C. § 1395ff(b)(1)(G) states: "The

Secretary may reopen or revise any initial determination or reconsidered determination described in this subsection under guidelines established by the Secretary in regulations." Pursuant to this grant of authority from Congress, the Secretary promulgated regulations governing reopenings. 42 C.F.R. § 405.980.

The regulations allow reopenings "within one year from . . . the initial determination or redetermination for any reason" and "within four years from the date of the initial determination or redetermination for good cause." 42 C.F.R. § 405.980(b)(1)-(2). Reopenings are also permitted at any time to remedy fraud, to correct clerical errors, or to effectuate an appellate decision from within the Medicare process. 42 C.F.R. § 405.980(b)(3)-(5). In many cases, as in the present case, the reopening of the claims was conducted by a Recovery Contractor.[1]

---

[1] Congress enacted a three-year demonstration program (from March 2005, to March 2008), to detect and correct improper payments, such as overpayments. This program is known as the Recovery Audit Contractor demonstration. Due to the success of the program, Congress has since made the program permanent and extended it to all fifty states. Under the program, the Center retains Recovery Contractors to conduct audit and recovery activities relating to Medicare payments. 42 U.S.C. § 1395ddd(h)). Recovery Contractors are payed on a contingent basis for collecting overpayments from the Medicare program. Id.

Although the Secretary sets forth a good cause requirement for certain reopenings, the regulations specifically state that "the contractor's decision on whether to reopen is final and not subject to appeal." 42 C.F.R. § 405.980(a)(5); see also 42 C.F.R. § 405.926(l)(listing "contractor's . . . decision to reopen or not to reopen an initial determination" among other "[a]ctions that are not . . . appealable." Under the regulations, a provider that is dissatisfied with the results of a reopening may appeal the "revised determination." 42 C.F.R. § 405.984. However, the Recovery Contractor's decision of whether or not to reopen the claim is not appealable.

## III. **Factual Background and Procedural History**

In 2004, Morton Plant provided hospital services to three patients, each a Medicare beneficiary: a ninety-four year-old man requiring amputation of a toe on his left foot (AR 831); a ninety-five year-old woman suffering from poor balance, back pain, and delirium following a fall (AR 541); and an eighty year-old woman suffering from end-stage renal disease and diabetes (AR 232).[2]

---

[2] The parties have agreed to limit the Court's consideration to cross-motions for summary judgment and review to the Certified Administrative Record (Doc. # 10, 12).
(continued...)

Morton Plant submitted claims to Medicare for payment and received favorable initial determinations on September 8, 2004, January 21, 2005, and February 4, 2005, related to these claims. Medicare's Intermediary paid Morton Plant $16,822.22 for these three claims. (AR 831, 542, 233). In August 2007, HealthDataInsights, a Florida Recovery Contractor hired by the Secretary to find and report improper Medicare billing and overpayment, reviewed Morton Plant's records for the three patients at issue and reopened the favorable initial determinations relating to the claims to determine whether improper payments had been made to Morton Plant. (AR 831, 648, 335).

The Recovery Contractor determined that Morton Plant should have billed Medicare on an outpatient basis, rather than an inpatient basis and thus, that the services provided were "not medically necessary and reasonable." (AR 270-71, 572-73, 862-63). Accordingly, the Recovery Contractor

---

[2](...continued)
Citations to the Certified Administrative Record are designated as "(AR)." The facts of this case are undisputed by the parties, and therefore, summary judgment is appropriate. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The parties, however, dispute the level of deference this Court should afford the Secretary's interpretation of the regulations at issue.

reversed the claims and notified the Secretary of the overpayments. (AR 270-71, 572-73, 862-63).

Morton Plant appealed the revised determinations to the Intermediary, arguing, among other things, that the Recovery Contractor did not have the required good cause to reopen the claims because such claims were reopened after the passage of a year. Specifically, Morton Plant appealed to its Intermediary, then to a Qualified Independent Contractor, both of which upheld the overpayment determination. (AR 236-53, 264-66, 545-66, 545-61, 567-69, 835-52, 857-59). Morton Plant then appealed to the ALJ, arguing that the Recovery Contractor failed to show good cause for its review of the claims and also that the Recovery Contractor failed to justify its clinical conclusion that an inpatient level of care was not necessary. (AR 830, 540, 231).

On March 10, 2009, after holding a telephonic hearing on February 5, 2009, the ALJ issued a decision unfavorable to Morton Plant on the three claims at issue in this case. (AR 78-97).[3] Specifically, as to the medical necessity of each claim, the ALJ found that Morton Plant failed to provide

_____

[3] The ALJ's opinion also addressed six other claims, but because the ALJ's determination as to those separate claims was favorable to Morton Plant, those claims were not appealed, and are not discussed in this Order.

sufficient documentation to justify inpatient care. (AR 91).

The ALJ also considered, but did not address, Morton Plant's contentions regarding good cause after summarizing the issues as follows:

> Some might argue that this ALJ should base his decision at least in part on the failure of the record to show the "cause" for the reopening of the subject claims.  Indeed, it may be argued by some that ALJs may review whether cause exists under 42 C.F.R. § 980(b)(2) to justify reopening of the initial determination within 4 years.  Such an argument has great appeal.  Indeed one could argue that Congress would not have included the phrase unless it intended that the cause for reopening be judicially reviewable.  Others, however, may argue that ALJs lack the authority to review the cause for reopening.  In the absence of a determination of this issue by the Article III courts, the undersigned ALJ declines to do so at this juncture because this particular area of the law is unsettled and the [Council], whose decisions have no precedence, has determined that the undersigned has no authority to rule on this issue.  <u>See Critical Care of North Jacksonville</u>, (February 29, 2008).  While we may respectfully disagree with the [Council], the undersigned ALJ is nonetheless constrained to follow its lead.  The undersigned awaits what he hopes will be a prompt resolution of this issue by an Article III court should an Appellant chose to pursue this issue to that level.

(AR 87-88).  Thus, the ALJ denied Medicare coverage for the three claims at issue. (AR 90-96).

On April 10, 2009, Morton Plant appealed to the Council, which may adopt, modify, or reverse an ALJ's decision. 42 C.F.R. § 405.1100.  On July 30, 2009, the Council issued a

decision generally affirming the ALJ's decision and modifying the decision to specifically find that both the ALJ and the Council lack the authority to review whether good cause existed to support the reopening of the claims. (AR 8).[4]  The Council's decision constitutes the final decision of the Secretary. 42 U.S.C. § 405(g).

On October 1, 2009, Morton Plant filed the instant suit, under seal, seeking judicial review of the Secretary's final decision.  (Doc. # 1).  On January 27, 2010, Morton Plant filed a redacted version of the sealed complaint containing four counts: two declaratory relief counts and two Fifth Amendment due process counts.  By its declaratory relief counts, Morton Plant requests, <u>inter alia</u>, that this Court:

> (1)  Declare that under 42 U.S.C. § 1395ff(b)(1)(G) and 42 C.F.R. § 405.980, the good cause necessary to reopen and revise initial determinations and redeterminations within four years from the date of the initial determination or redetermination must be asserted by a [Recovery Contractor] in good faith and established as a part of the Secretary's initial notice to a provider to review a claim;
> (2) Declare that under 42 U.S.C. § 1395ff(b)(1)(G) and 42 C.F.R. § 405.980, although a [Recovery

---

[4] The Council noted that the only issue appealed to it was the ALJ's "holding that the [Recovery Contractor's] decision to reopen a determination was final and not subject to review, despite the fact that the [Recovery Contractor] did not provide good cause rationale for reopening the determination as set forth in 42 C.F.R. §§ 405.980 and 405.986." (AR 5).

Contractor's] decision on <u>whether</u> to reopen an
initial determination or redetermination is final
and not subject to appeal, the four levels of
administrative appeal have jurisdiction to review
the [Recovery Contractor's] alleged good cause for
reopening and revising initial determinations and
redeterminations within four years from the date of
the initial determination or redetermination; and
(3) Declare that the Secretary cannot revise an
initial determination or redetermination regarding
the propriety of billing a claim as inpatient
rather than outpatient without affirmatively
determinating that the treating physician did not
actually and reasonably expect that hospital care
for twenty-four hours or more would be required.[5]

(Doc. # 15 at ¶¶ 71, 90).

Morton Plant's Fifth Amendment counts challenge the
Medicare statutes and regulations establishing the process by
which Recovery Contractors are permitted to reopen initial
determinations and redeterminations.  Specifically, in count
II of the complaint, Morton Plant argues that such statutes
and regulations are facially unconstitutional because they
deprive providers of property without due process of law.
(Doc. # 15 at ¶ 74).  In count III of the complaint, Morton
Plant asserts that such statutes and regulations are

_____

[5] On May 27, 2010, Morton Plant "withdrew" count IV of
the complaint. (Doc. # 20 at 17).  Morton Plant agrees with
the Secretary that this Court lacks jurisdiction over Morton
Plant's challenge to the substance of the overpayment
determinations because Morton Plant failed to appeal this
issue to the Council.  The Court will discuss this issue in
more detail below.

unconstitutional, as applied to Morton Plant. (Doc. # 15 at ¶¶ 78-84).

As noted above, both sides have filed motions for summary judgment, which are ripe for the Court's review.  The Court will now address the merits of this case.

IV.  **Standard of Review**

The parties dispute what level of deference this Court should afford the Secretary's interpretation of her regulations.  The Secretary argues that her construction of the reopening regulations is entitled to controlling deference pursuant to Thomas Jefferson Univ., 512 U.S. at 512, because an agency's interpretation of its own regulations "must be given controlling weight unless its is plainly erroneous or inconsistent with the regulations." (Internal citations omitted).

Morton Plant, on the other hand, asserts that this Court should afford the Secretary little to no deference because her interpretation of the regulations is clearly erroneous, is inconsistent with regulations, and because the Secretary has offered inconsistent interpretations of the reopening regulations.  See Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944)(deference given to an agency's interpretation depends on the thoroughness evident in its consideration, the validity

of its reasoning, its consistency with earlier and later pronouncements, and all factors which give the agency power to persuade if lacking power to control).

The Court has considered the parties' respective positions and finds that the more deferential standard of review described by the Secretary applies in this case.

**A.    The Secretary's Interpretation of the Regulations is neither Clearly Erroneous nor is it Inconsistent with the Regulations**

As explained in the oft-cited case of <u>Chevron, U.S.A., Inc. v. National Resources Defense Council, Inc.</u>, 467 U.S. 837 (1984), "If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation," with any ensuing regulation given "controlling weight" unless "arbitrary, capricious, or manifestly contrary to the statute." <u>Id.</u> at 843-44.

The Court expounded upon this principle in <u>United States v. Mead Corp.</u>, 533 U.S. 218 (2001):

> [A]dministrative implementation of a particular statutory provision qualifies for <u>Chevron</u> deference when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority.  Delegation of such authority

-13-

> may be shown in a variety of ways, as by an
> agency's power to engage in adjudication or notice-
> and-comment rulemaking, or by some other indication
> of a comparable congressional intent.

Id. at 226-27.

The Mead Court further noted, "The well-reasoned views of the agencies implementing a statute 'constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance.'" Id. at 227-28 (quoting Skidmore, 323 U.S. at 140).

In the present case, Congress left a "gap" for the Secretary to fill and the Secretary, in turn and with the authority granted by Congress, promulgated regulations to carry out the Medicare program, specifically concerning reopening claims. 42 U.S.C. §§ 1395ff(a)(1), 1395ff(b)(1)(G), 1395hh(a).

Moreover, an agency's interpretation of its own regulations must be given substantial deference: "We must give substantial deference to an agency's interpretation of its own regulations. Our task is not to decide which among several competing interpretations best serves the regulatory purpose. Rather, the agency's interpretation must be given controlling weight unless it is plainly erroneous or inconsistent with the

regulation." <u>Thomas Jefferson Univ.</u>, 512 U.S. at 512. (Internal citations omitted).

The court in <u>Trustees of Mease Hospital, Inc. v. Sebelius</u>, 8:09-cv-1795-T-23MAP, 2010 U.S. Dist. Lexis 83506 (M.D. Fla. July 26, 2010) addressed issues identical to those presented to this court regarding the reviewability of Recovery Contractor reopenings, and determined: "Since the reopening guidelines, including the good cause requirement, exist only by grace of the Secretary, the instant case presents a prime example of an instance where the agency's interpretation should receive substantial deference." <u>Id.</u> at *17-18. This Court reaches the same conclusion. Specifically, the Court finds that the Secretary's interpretation of her regulations is consistent with the Medicare statutes and regulations and is not clearly erroneous. Therefore, the Secretary's construction of her regulations is to be afforded substantial deference by this Court. As will be discussed in more detail below, the plain meaning of the reopening regulations bars review, and the reopening regulations were created by the Secretary, acting pursuant to the authority granted to her by Congress. These regulations control this dispute and bar the relief that Morton Plant seeks in the complaint.

**B.    The Secretary's Interpretation of the Regulations is Consistent with Prior Interpretations**

Morton Plant also contends that the Court should not afford any deference to the Secretary's interpretation of the regulations because the Secretary has offered inconsistent interpretations of the reopening regulations in the past.  The Court finds this argument to be unsupported.  The Secretary has consistently and repeatedly determined that the decision to reopen and the determination of the existence of good cause are binding determinations that are not subject to review. Rather than providing a private right of action through the appellate process, the Secretary monitors and enforces the good cause requirement internally. See Dep't of Health and Human Servs., "Changes to the Medicare Claims Appeals Procedures; Interim Final Rule with Comment Period." 2005 WL 520711, 70 Fed. Reg. 11420, 11453 (Mar. 8, 2005).[6]

---

[6] In response to concerns regarding enforcement of the good cause requirement, the Secretary responded:

> The regulations require that contractors abide by the good cause standard for reopening actions after one year from the date of the initial or revised determination. [The Center] assesses a contractor's compliance with Federal laws, regulations and manual instructions during audits and evaluations of the contractors' performance.  Thus, the necessary monitoring and enforcement mechanisms are
>
> (continued...)

Morton Plant argues that the Secretary offered an inconsistent opinion regarding reopenings in the case of Palomar Medical Center v. Sebelius, Case No. 3:09-cv-605-Ben(NLS), 2010 WL 2985838 (S.D. Cal. May 11, 2010). (Doc. # 17 at 22-23).   In Palomar, the ALJ found that jurisdiction existed to review a request for reopening during the agency's appeals process.   However, the Council remanded the ALJ's decision for further proceedings.   Ultimately, the Secretary decided that the ALJ lacked jurisdiction to review a challenge to a reopening decision. (Doc. # 18 at 20).

Thus, despite Morton Plant's incorrect suggestion that the Secretary has vacillated on the reviewability of the decision to reopen, the Court determines that the Secretary has consistently offered the same interpretation of the reopening regulations throughout the promulgation process and continues to advance the same interpretation to this very day. See Dep't of Health and Human Servs., "Changes to the Medicare Claims Appeals Procedures; Interim Final Rule with Comment

---

[6](...continued)
already in place.

Dep't of Health and Human Servs., "Changes to the Medicare Claims Appeals Procedures; Interim Final Rule with Comment Period," 2005 WL 52077, 70 Fed. Reg. 11420, 11453 (Mar. 8, 2005).

Period," 2005 WL 52077, 70 Fed. Reg. 11420, 11453 (Mar. 8, 2005).[7]

Thus, the Court finds that the Secretary's present interpretation of the reopening regulations is consistent with past interpretations, and is entitled to substantial deference under <u>Thomas Jefferson Univ.</u>, 512 U.S. at 512.

## V.   <u>Analysis</u>

Having determined that the Secretary's interpretation of the reopening regulations is entitled to substantial deference, the Court will now address the parties' arguments regarding the reopening regulations.

---

[7] The Secretary has further commented that:

> [Recovery] Contractors are required to follow Federal laws, regulations and manual instructions in their business operations.  As noted in the interim final rule in response to a similar comment on the proposed rule (70 FR 11453), our regulations require that [Recovery Contractors] abide by the good cause standard for reopening actions as set forth in § 405.980(b) and § 405.986. [The Center] conducts audits and evaluations of [Recovery Contractor] performance in order to assess compliance with Medicare policies.  Thus, the necessary monitoring and enforcement mechanisms are already in place and we do not believe it necessary to add enforcement provisions into these regulations.

Dep't of Health and Human Servs., "Medicare Program: Changes to the Medicare Claims Appeal Procedures; Final Rule," 2009 WL 4626149, 74 Fed. Reg. 65296, 65312.

A.   __Regulatory Arguments__

First, Morton Plant argues that 42 C.F.R. § 405.980 does not prevent the Secretary from reviewing whether a Recovery Contractor has good cause to reopen and revise an initial determination.  In addition, Morton Plant advances various policy arguments, including the argument that the Secretary's interpretation will open the proverbial floodgates "to reopenings that are in violation of the Secretary's regulation" (Doc. # 17 at 27) and that such interpretation will allow the Center to blatantly violate the law without repercussion.  The Court has considered these arguments, and rejects them as meritless.

Morton Plant's first argument fails because the unambiguous language of the regulations indicates that a Recovery Contractor's decision to reopen a claim is simply not appealable.  Congress delegated authority regarding reopening claims to the Secretary: "The Secretary may reopen or revise any initial determination or reconsideration determination . . . under guidelines established by the Secretary in regulations." 42 U.S.C. § 1395ff(b)(1)(G).

Under that authority, the Secretary promulgated regulations that allow a Recovery Contractor to "reopen and revise its initial determination or redetermination on its own

motion: (1) Within 1 year from the date of the initial determination or redetermination for any reason; and (2) Within 4 years from the date of the initial determination or redetermination for good cause as defined in § 405.986." 42 C.F.R. § 980(b).

42 C.F.R. § 405.926 contains a list of actions that are "not appealable" and that list includes under subpart (l) "a contractor's . . . decision to reopen or not to reopen an initial determination . . ." Furthermore, 42 U.S.C. § 405.980(a)(5) unambiguously states, "the contractor's . . . decision on whether to reopen is final and not subject to appeal."

By the regulations, promulgated pursuant to the broad authority granted to her by Congress, the Secretary has foreclosed the appeal of the decision to reopen, regardless of any good cause requirement. However, the regulations do not foreclose a provider from appealing the substantive result of the reopening. Once a claim is reopened and revised, the revised determination is a "separate and distinct determination or decision" and is to subject to the normal administrative appeal procedures. Anaheim Mem. Hosp. v. Shalala, 130 F.3d 845, 848 (9th Cir. 1997); 42 C.F.R. § 405.1889. The right of appeal attaches only to the result of

the reopening, and not to the decision of whether to reopen the claim.  The Secretary's interpretation is well within the bounds of reasonable interpretation.  <u>See</u> <u>Your Home Visiting Nurse Servs. v. Shalala</u>, 525 U.S. 449, 455 (1999)(holding that the decision not to reopen generally is committed to the discretion of an agency by law and therefore, exempt from judicial review).[8]

In addition, the Court rejects Morton Plant's public policy arguments.  Morton Plant's arguments ignore the Secretary's internal safeguards which protect against reopenings without good cause.

At least two other courts have directly addressed the issues before this Court and both have affirmed the Secretary's interpretation.  In <u>Hosp. Comm. for the Livermore-Pleasanton Area v. Johnson</u>, 2010 U.S. Dist. Lexis 27821, at * 20 (N.D. Cal. Mar. 24, 2010), the court ruled, "The plain language of §§ 405.980(a)(5) and 405.926(1) would be rendered meaningless if the Court were to adopt the Hospital's

---

[8]   In <u>Your Home</u>, a provider requested that its Intermediary reopen a past determination, and the Intermediary refused.  The provider challenged the Intermediary's refusal to reopen the determination through the appeals process, and the Supreme Court held that the provider could not challenge the refusal to reopen because the decision on whether to reopen or not to reopen is entrusted to the agency. 525 U.S. at 452-53.

interpretation [allowing challenges of a decision to reopen.]." As to the public policy issues, the Livermore-Pleasanton court noted, "Here, the legislative history for § 405.980(a)(5) is favorable to the agency, and not the Hospital. . . . Notably, the agency did not say that enforcement of the good cause standard could also take place through the administrative appeal process. . . . Instead, the agency took the position, consistent with its current interpretation, that the good cause standard is to be enforced through internal procedures, not by a private action via an appeal." Id. at *21-22.

Similarly, in Mease the court held: "The federal regulations promulgated under the authority vested in the Secretary clearly indicate the decision to reopen is not subject to review during the administrative appellate process and cannot be raised by the provider." 2010 U.S. Dist LEXIS 83506 at *30. As to enforcement of the good cause requirement, the Mease court determined, "Rather than providing a private cause of action through the administrative appellate process, the Secretary maintains internal enforcement procedures designed to enforce the good cause standard." Id. at *26.

Upon due consideration, the Court determines that the Secretary's interpretation of the regulations at issue is reasonable and consistent with the applicable statutes and regulations.  The Secretary was given complete authority to frame the reopening procedure.  Pursuant to that authority, the Secretary created the good cause standard, but did so in a conditional way: Although the Secretary monitors for compliance with the good cause standard, the Secretary expressly bars providers from attempting to enforce this standard.  As stated by the Secretary: "[Morton Plant] must take the bitter with the sweet: The Secretary could have offered no good cause standard whatsoever and was therefore duly empowered to create a standard that would be unenforceable by providers." (Doc. # 21 at 8).

In summary, the Medicare regulations grant ample opportunities to review overpayment determinations, but the reopening regulations foreclose review of the decision to reopen, including the issue of whether good cause existed to justify reopening the payment of a claim after the passage of one year from the initial or revised determination.

**B.   Constitutional Arguments**

Morton Plant argues that the Secretary's interpretation of the reopening regulations is unconstitutional, both

facially and as applied to Morton Plant.  Both arguments are unavailing.  As will be discussed below, Morton Plant's facial challenge fails because Morton Plant has shown neither a protected property interest at stake nor a deprivation of any procedural due process guarantee.  Morton Plant's "as applied" argument fails because this Court lacks jurisdiction to address it.

### 1.   Facial Due Process Challenge

Morton Plant contends that the Secretary's interpretation of the reopening regulations, including the non-reviewability of the good cause requirement, deprives providers of due process.  Morton Plant specifically contends that the Secretary's interpretation of 42 C.F.R. § 405.980(a)(5) is facially unconstitutional under the Fifth Amendment to the United States Constitution because it does not provide a means for private enforcement or administrative appellate review of a Recovery Contractor's good cause for reopening an initial determination or redetermination rendered more than one year earlier.

Morton Plant's arguments are not persuasive.  Morton Plant claims an interest in the continued receipt of social welfare benefits under Mathews v. Eldridge, 424 U.S. 319, 332 (1976)(Doc. # 17 at 28).  However, the Secretary has not

denied Morton Plant the opportunity to participate in the Medicare reimbursement program. Notably, Morton Plant has not been precluded from seeking reimbursement from Medicare for future claims which meet the applicable requirements for coverage. Rather, the Secretary, after a rigorous, multi-level appeals process, has determined that Morton Plant was overpaid as to three claims. Morton Plant cannot demonstrate that it was entitled to the funds at issue. In fact, Morton Plant has abandoned its challenge of the substantiative overpayment determination that Morton Plant should have billed Medicare for outpatient, rather than inpatient, services as to the three claims at issue.

As argued by the Secretary, whatever property interest a provider might have in Medicare's decision to pay a claim is satisfied by the multi-level review process available to contest a substantive determination, such as an overpayment finding--a review process that, in this case, afforded Morton Plant four levels of review.

However, no authority suggests that a provider has a property interest in a showing that a reopening was supported by good cause. Congress empowered the Secretary to shape the

reopening process, and in so doing, she did not allow for private enforcement of the good cause standard.[9]

In addition, as discussed above, the Secretary had the discretion to omit the good cause requirement entirely. The Secretary's good cause requirement was in no way commanded by the Constitution or by a statute. Had the Secretary omitted the good cause requirement, opting only for temporal limitations on reopenings, she would not have violated the mandates of due process.[10] Thus, the non-reviewability of the good cause requirement is not a violation of the Constitution's due process requirements.

In summary, Morton Plant's facial due process challenge fails, inter alia, because a provider who is not satisfied with the reopening of a claim has the option to appeal the substantive result of the reopening on both an administrative

---

[9] As discussed in greater detail above, the good cause standard is enforced internally by the Secretary. (Doc. # 19 at 18).

[10] This Court determines that there has been no violation of the Medicare statutes or the applicable regulations. However, it should be noted that Morton Plant's due process challenge would fail even if the Court were to find that the Secretary violated her own regulations. The Supreme Court has ruled that an agency's violation of its own regulations does not constitute a due process violation unless the agency "was required by the Constitution or by statute to adopt [the] particular procure[] or rule[]." United States v. Caceres, 440 U.S. 741, 749 (1979).

and judicial level.  Although the provider cannot contest the fact that the claim was reopened, that provider is not left without due process because it can appeal the substantive portion of the determination.

### 2.   <u>As Applied Due Process Challenge</u>

In Morton Plant's as applied challenge to the Secretary's interpretation of the reopening regulations, Morton Plant attacks the substantive grounds for the finding that Morton Plant was overpaid as to the three claims at issue in this case.   Morton Plant initially asserted that "Federal law requires the Secretary to expressly find that a physician's medical judgment at the time of the admission about the level of care required by a patient is unreasonable in order to reverse a claim on the basis of a billing error." (Doc. # 17 at 33).

The Secretary countered that this Court lacks jurisdiction to decide the issue because the Court's jurisdiction is limited to reviewing final decisions of the Secretary, issued after hearings on the merits. 42 U.S.C. § 1395ff; <u>Good Samaritan Hosp. v. Shalala</u>, 85 F.3d 1057, 1062 (2d Cir. 1996).  After reviewing the Secretary's arguments on this point, Morton Plant candidly conceded that this Court lacks jurisdiction over this issue. (Doc. # 20 at 17).  Morton

Plant did not appeal the ALJ's decision as to the substance of the overpayment determination to the Council.  The Council acknowledges this failure by Morton Plant in its order: "As the appellant has not raised any contentions concerning the ALJ's conclusions that the inpatient hospital stays for the three referenced beneficiaries were not covered hospital stays, the Council adopts the ALJ's findings with respect to the issue of coverage." (AR 8).

Thus, this Court lacks jurisdiction to address this issue. See Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 13 (2000)(holding that a provider must "channel" its legal arguments through the agency's administrative process before seeking federal court review); Heckler v. Ringer, 466 U.S. 602, 627 (1984)(Medicare Act requires that "administrative remedies be exhausted before judicial review of the Secretary's decisions takes place.")

In sum, Morton Plant's argument that the Secretary acted arbitrarily and capriciously in assessing its overpayment decision cannot be addressed by this Court because Morton Plant failed to properly pursue an appeal of the merits issue

through the administrative process and to a final decision of
the Secretary.[11]

**VI.   Conclusion**

This Court has considered the parties' arguments and has
reviewed the administrative record.  Afer due consideration,
the Court grants the Secretary's motion for summary judgment
and denies Morton Plant's motion for summary judgment.  The
Court declines to grant the declaratory relief requested by
Morton Plant in the complaint.  Further, the Court finds that
Morton Plant has failed to demonstrate that the Secretary's
interpretation of any Medicare statute or regulation is
unconstitutional, either facially or as applied to Morton
Plant.  Accordingly, the Court directs the Clerk to enter
Judgment in favor of the Secretary and, thereafter, to close
this case.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Morton Plant's Motion for Summary Judgment (Doc. # 17) is

**DENIED.**

(2)   The Secretary's Motion for Summary Judgment (Doc. # 18)

is **GRANTED.**

---

[11] See 42 C.F.R. § 405.1112(b)-(c)(requiring a provider
to specify issues for review by the Council).

(3)   The Clerk is directed to enter **JUDGMENT** in favor of the

Secretary and, thereafter, to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>6th</u>

day of October 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies:
All Counsel of Record